## 66978. ASHER v. THE STATE.

Deen, Presiding Judge.

Officer Robert Dunn of the LaFayette, Georgia, police department received a call shortly after midnight to investigate a

disturbance in a residential area. On arrival at the address he observed several persons in the front yard drinking and using loud and profane language. Dunn gave an oral warning and left, but on passing by on routine patrol a short while later, observed that the situation had not abated. When he stopped his patrol car a man identified as appellant spoke to him abusively, but Dunn took no action when another guest offered to take appellant home. A few minutes later Dunn, responding to a radio report, found appellant, in the company of two others, carrying a shotgun along the public street a block or so from the house where the "party" had been held. When Dunn stepped from his car, appellant pointed the gun at him and uttered threats. Another officer came to Dunn's assistance and wrested the shotgun from appellant, the weapon discharging in the process.

Appellant was charged with aggravated assault, tried, and convicted. On appeal he assigns as error, in addition to the general grounds, the court's giving an allegedly erroneous jury instruction and failure to give another instruction that had been requested. He also enumerates as error the court's disallowance of certain proffered defense testimony.

Appellant's appointed counsel has filed a motion in this court requesting permission to withdraw and, in accordance with Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967) and *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976), filed a brief raising points of law which might arguably support the appeal. Pursuant to the rulings in Anders and *Bethay,* we conducted an extensive examination of the record and transcript filed in this case in order to determine if the appeal is, in fact, frivolous. On the basis of that review, we have granted counsel's motion to withdraw and find that the requirements of Anders and *Bethay* have been met, that no reversible error appears in the record and that a rational trier of fact could have found from the evidence presented at trial that the appellant was guilty beyond a reasonable doubt. *Drayton v. State,* 157 Ga. App. 872 (278 SE2d 758) (1981).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 20, 1983.

*David L. Lomenick, Jr., District Attorney, M. Ann Patterson, Assistant District Attorney,* for appellee.